UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRETT TABOR,

    Plaintiff,

v.

ADVANCED PLUMBING TECHNOLOGY, LLC, a Florida limited liability company

    Defendant.

CASE NO. 5:23-cv-00376-JA-PRL

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, ADVANCED PLUMBING TECHNOLOGY, LLC ("APT"), through undersigned counsel, and files its Answer and Affirmative Defenses to Plaintiff, BRETT TABOR ("Tabor"), Complaint and states as follows:

### CAUSES OF ACTION

1. APT admits that Tabor purports to bring claims of age discrimination under the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA"), claims of religious discrimination under Title VII and the FCRA, and a claim for disability discrimination under the Americans with Disabilities Act ("ADA"), but denies any violation of any federal or state law or any wrongdoing towards Tabor whatsoever. Except as expressly admitted, APT denies

the remaining allegations, inferences, and legal conclusions contained in paragraph 1.

## JURISDICTION AND VENUE

2. APT admits the allegations in paragraph 2 for jurisdictional purposes only.

3. APT admits the allegations in paragraph 3 for jurisdictional purposes only.

## THE PARTIES

4. APT is without sufficient knowledge to admit or deny the allegations, inferences, and legal conclusions in paragraph 4 and, accordingly, denies the same.

5. APT admits it is a Florida Limited Liability Company with its principal place of business located in Clermont, Florida. APT denies each of the remaining allegations, inferences, and legal conclusions contained in paragraph 5.

## GENERAL ALLEGATIONS

6. APT admits the allegations in paragraph 6.

7. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 7.

8. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 8.

9. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 9.

10. APT is without sufficient knowledge to admit or deny the allegations,

inferences, and legal conclusions in paragraph 10 and, accordingly, denies the same.

11. APT admits that in mid-June 2022 Tabor and his wife were covered under APT's health insurance coverage. APT is without sufficient knowledge to admit or deny the allegations, inferences, and legal conclusions when Tabor's wife was diagnosed with aggressive cancer and would have to undergo immediate chemotherapy treatment as stated in paragraph 11 and, accordingly denies the same. APT denies each of the remaining allegations, inferences, and legal conclusions contained in paragraph 11.

12. APT denies each of the allegations, inferences, and legal conclusions in paragraph 12, inclusive subparagraphs (a-e) in paragraph 12.

13. APT admits only that Exhibit "A" speaks for itself. APT is without sufficient knowledge to admit or deny each of the remaining allegations, inferences, and legal conclusions contained in paragraph 13 and, accordingly, denies the same.

14. APT is without sufficient knowledge to admit or deny the allegations, inferences, and legal conclusions contained in paragraph 14 and, accordingly, denies the same.

15. APT denies the allegations, inferences, and legal conclusions that Tabor is entitled to recover his attorney's fees and costs contained in paragraph 15. APT is without sufficient knowledge to admit or deny the remaining allegations,

inferences, and legal conclusions contained in paragraph 15 and, accordingly, denies the same.

## COUNT I – ALLEGED VIOLATION OF THE ADA – DISABILITY DISCRIMINATION

16. APT incorporate by reference its answers and responses to paragraphs 1 through 15 of the Complaint as though fully set forth below.

17. APT admits that under 42 U.S.C. § 12112(b)(4), the term "discriminate against a qualified individual on the basis of disability" includes, excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.  APT denies each of the remaining allegations, inferences, and legal conclusions contained in paragraph 17.

18.  APT denies each of the allegations, inferences, and legal conclusion contained in paragraph 18.

19. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 19.

20. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 20.

21. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 21.

In response to the "wherefore" prayer for relief in subparagraphs (A) through (J) immediately following paragraph 21, APT admits that Tabor is

entitled to a jury trial on only those issues so triable. APT denies it engaged in unlawful associational disability discrimination against Tabor in violation of the ADA, denies it caused any damage to Tabor, and denies Tabor is entitled to any recovery, remedies, damages, compensation, benefits, attorney's fees, costs, or any other relief sought in subparagraphs (A) through (J) following paragraph 21. APT denies each of the remaining allegations, inferences, and legal conclusions contained in the subparagraphs (A) through (J) following paragraph 21.

### COUNT II – ALLEGED VIOLATION OF THE ADEA – AGE DISCRIMINATION

22. APT incorporate by reference its answers and responses to paragraphs 1 through 15 of the Complaint as though fully set forth below.

23. APT admits that under 29 U.S.C. § 623(a)(1), makes it unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. APT denies each of the remaining allegations, inferences, and legal conclusions contained in paragraph 23.

24. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 24.

25. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 25.

26. APT denies each of the allegations, inferences, and legal conclusions

contained in paragraph 26.

27. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 27. In response to the "wherefore" prayer for relief in subparagraphs (A) through (J) immediately following paragraph 27, APT admits that Tabor is entitled to a jury trial on only those issues so triable. APT denies it engaged in unlawful age discrimination against Tabor in violation of the ADEA, denies it caused any damage to Tabor, and denies Tabor is entitled to any recovery, remedies, damages, compensation, benefits, attorney's fees, costs, or any other relief sought in subparagraphs (A) through (J) following paragraph 27. APT denies each of the remaining allegations, inferences, and legal conclusions contained in the subparagraphs (A) through (J) following paragraph 27.

**COUNT III – ALLEGED VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – AGE DISCRIMINATION**

28. APT incorporate by reference its answers and responses to paragraphs 1 through 15 and 21 and 26 of the Complaint as though fully set forth below.

29. APT admits that under FCRA § 760.10(1)(a), makes it unlawful employment practice for an employer to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status. APT denies each of the remaining allegations, inferences, and legal conclusions contained in paragraph 29.

30.     APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 30.

31.     APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 31. In response to the "wherefore" prayer for relief in subparagraphs (A) through (J) immediately following paragraph 31, APT admits that Tabor is entitled to a jury trial on only those issues so triable.  APT denies it engaged in unlawful age discrimination against Tabor in violation of the FCRA, denies it caused any damage to Tabor, and denies Tabor is entitled to any recovery, remedies, damages, compensation, benefits, attorney's fees, costs, or any other relief sought in subparagraphs (A) through (J) following paragraph 31.  APT denies each of the remaining allegations, inferences, and legal conclusions contained in the subparagraphs (A) through (J) following paragraph 31.

### **COUNT IV – ALLEGED VIOLATION OF TITLE VII – RELIGIOUS DISCRIMINATION**

32.     APT incorporate by reference its answers and responses to paragraphs 1 through 15 of the Complaint as though fully set forth below.

33.     APT admits that under Title VII § 2000e-2(a)(1), makes it unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.  APT denies each of the

remaining allegations, inferences, and legal conclusions contained in paragraph 33.

34. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 34.

35. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 35.

36. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 36.

37. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 37.

38. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 38. In response to the "wherefore" prayer for relief in subparagraphs (A) through (J) immediately following paragraph 38, APT admits that Tabor is entitled to a jury trial on only those issues so triable. APT denies it engaged in unlawful religious discrimination against Tabor in violation of Title VII, denies it caused any damage to Tabor, and denies Tabor is entitled to any recovery, remedies, damages, compensation, benefits, attorney's fees, costs, or any other relief sought in subparagraphs (A) through (J) following paragraph 38. APT denies each of the remaining allegations, inferences, and legal conclusions contained in the subparagraphs (A) through (J) following paragraph 38.

## COUNT V – ALLEGED VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – RELIGIOUS DISCRIMINATION

39. APT incorporate by reference its answers and responses to paragraphs 1 through 15 and 34 and 37 of the Complaint as though fully set forth below.

40. APT admits that under FCRA § 760.10(1)(a), makes it unlawful employment practice for an employer to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.  APT denies each of the remaining allegations, inferences, and legal conclusions contained in paragraph 40.

41. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 41.

42. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 42.

43. APT denies each of the allegations, inferences, and legal conclusions contained in paragraph 43. In response to the "wherefore" prayer for relief in subparagraphs (A) through (J) immediately following paragraph 43, APT admits that Tabor is entitled to a jury trial on only those issues so triable.  APT denies it engaged in unlawful religious discrimination against Tabor in violation of the FCRA, denies it caused any damage to Tabor, and denies Tabor is entitled to any

recovery, remedies, damages, compensation, benefits, attorney's fees, costs, or any other relief sought in subparagraphs (A) through (J) following paragraph 43. APT denies each of the remaining allegations, inferences, and legal conclusions contained in the subparagraphs (A) through (J) following paragraph 43.

## JURY DEMAND

The Complaint contains a jury demand and not a factual allegation to which an admission or a denial is required. APT acknowledges Tabor is asking for a jury trial and admits Tabor is entitled to a jury trial on only those issues so triable.

## PRAYER FOR RELIEF

APT denies that Tabor is entitled to any relief sought in his Complaint and prayer for relief in subparagraphs 21(A-J), 27(A-J), 31(A-J), 38(A-J), 43(A-J), including, but not limited to, all legal and equitable relief, back pay, front pay or future lost wages, lost benefits, damages for emotional distress, humiliation, and loss of dignity and other non-pecuniary losses, liquidated damages, punitive damages, compensation for adverse tax consequences, interest, expenses and costs, and attorney's fees.

## TO THE COMPLAINT AS A WHOLE

APT denies each and every allegation and inference in Tabor's Complaint that is not expressly admitted in this answer, and denies each and every allegation, inference, or legal conclusion of alleged wrongdoing.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the affirmative defenses and other defenses that follow, APT

does not assume the burden of proof as to matters that, pursuant to law, are Tabor's burden to prove. In addition, APT reserves the right to assert additional affirmative and other defenses and matters in avoidance that may be disclosed by additional investigation and discovery.

**FIRST DEFENSE**

Tabor's Complaint is barred, in whole or in part, because it fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Some or all of Tabor's claims may be barred, in whole or in part, by the applicable statute of limitations or statutory procedural requirements.

**THIRD DEFENSE**

All purported claims brought pursuant to the ADA, ADEA, Title VII, or the Florida Civil Rights Act of 1992 ("FCRA") which are outside the scope of, or otherwise not included in, Tabor's charge allegedly filed with the Equal Employment Opportunity Commission ("EEOC") and/or the Florida Commission on Human Relations ("FCHR") and/or not investigated by the EEOC and/or FCHR are barred because of the failure to satisfy the statutory prerequisites or because of a lack of subject matter jurisdiction.

**FOURTH DEFENSE**

All purported claims brought pursuant to the ADA, ADEA, or Title VII with respect to acts or events that occurred or are alleged to have occurred, or with respect to whether Tabor was notified, earlier than 300 days before the filing of

Tabor's charge with the EEOC are barred by the applicable statute of limitations or statutory procedural requirements.

## FIFTH DEFENSE

All purported claims brought pursuant to the FCRA with respect to acts or events that occurred or alleged to have occurred, or with respect to whether Tabor was notified, earlier than 365 days before the filing of Tabor's charge with the FCHR are barred by the applicable statute of limitations or statutory procedural requirements.

## SIXTH DEFENSE

Tabor suffered no adverse employment action or economic consequences because of any alleged discrimination by APT.

## SEVENTH DEFENSE

Some or all of the purported claims and/or relief sought in the Complaint are barred because APT did not perceive Tabor as disabled, nor did it take any action against Tabor on the basis of an alleged or perceived qualified individual with a known disability relationship or association or an alleged record of impairment.

## EIGHTH DEFENSE

Some or all of the purported claims and/or relief sought in the Complaint are barred because even if Tabor could establish he is disabled and/or a qualified individual with a known disability relationship or association under the ADA, APT could not accommodate Tabor without undue hardship.

**NINTH DEFENSE**

Some or all of the purported claims and/or relief sought in the Complaint are barred because even if Tabor could establish he is disabled and/or a qualified individual with a known disability relationship or association under the ADA, Tabor cannot establish that APT has failed to accommodate his alleged disability.

**TENTH DEFENSE**

Some or all of the purported claims and/or relief sought in the Complaint are barred because all decisions taken with respect to Tabor's employment have been based upon legitimate, nondiscriminatory reasons.

**ELEVENTH DEFENSE**

Even if Tabor were to prove that APT actions and decisions were motivated, in part, by unlawful discriminatory intent (and he cannot), Tabor's claims fail because APT would have taken the same actions and made the same decisions without regard to any alleged unlawful intent.

**TWELFTH DEFENSE**

Tabor fails to and cannot state a claim for age discrimination for which relief can be granted under the ADEA or the FCRA because his Complaint does not allege, and Tabor cannot show that Tabor would not have been subjected to any alleged adverse employment action but-for his age. Tabor's claim for age discrimination fails because he cannot meet this heightened standard of proof.

### THIRTEENTH DEFENSE

Tabor fails to and cannot state a claim for religious discrimination for which relief can be granted under Title VII or the FCRA because his Complaint does not allege, and Tabor cannot show that Tabor would not have been subjected to any alleged adverse employment action but-for his religion. Tabor's claim for religious discrimination fails because he cannot meet this heightened standard of proof.

### FOURTEENTH DEFENSE

Tabor fails to and cannot state a claim for disability discrimination for which relief can be granted under the ADA because his Complaint does not allege, and Tabor cannot show that Tabor would not have been subjected to any alleged adverse employment action but-for his known disability relationship or association. Tabor's claim for disability discrimination fails because he cannot meet this heightened standard of proof.

### FIFTEENTH DEFENSE

Some or all of the purported claims and/or relief sought in the Complaint are barred because APT has at all relevant times maintained, disseminated and enforced a clear policy against discrimination that establishes reasonable and effective means of reporting and seeking relief from conduct believed to be discriminatory and APT has acted in accordance with the policy at all times.

### SIXTEENTH DEFENSE

Some or all of the purported claims and/or relief sought in the Complaint are barred because APT actions were in good faith and were not malicious,

egregious, in bad faith, or in willful or reckless indifference to any legal rights of Tabor.

### SEVENTEENTH DEFENSE

Some or all of the purported claims are barred in whole or in part because APT did not participate in, authorize, or ratify the alleged wrongful acts.

### EIGHTEENTH DEFENSE

Some or all of the purported claims may be barred because APT exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior and Tabor unreasonably failed to take advantage of any corrective opportunities provided by APT or to avoid harm otherwise.

### NINETEENTH DEFENSE

To the extent APT acquires evidence about Tabor that had APT known earlier Tabor would never have been employed by APT or Tabor would have been terminated by APT, Tabor is not entitled to any alleged damages and/or equitable relief based upon this after acquired evidence.

### TWENTIETH DEFENSE

APT is not vicariously liable for the alleged discriminatory decisions of managerial agents when those decisions are contrary to APT's "good-faith efforts" to comply with anti-discrimination law.

**TWENTY-FIRST DEFENSE**

Tabor's claims may be barred by the equitable doctrine of laches, estoppel and/or waiver based on Tabor's failure to report and/or unreasonable delay in reporting alleged discriminatory or wrongful actions.

**TWENTY-SECOND DEFENSE**

Tabor may not recover liquidated damages or punitive damages because APT did not engage in any conduct that would rise to the level required to sustain an award for liquidated or punitive damages. Rather, APT's actions or omissions were done in good faith and for good cause, and based upon reasonable grounds for believing APT was in compliance with the ADEA, the FCRA, Title VII, and the ADA. Therefore, any claims for liquidated damages or punitive damages are without merit. Further, Tabor failed to plead facts sufficient to support recovery of liquidated damages or punitive damages.

**TWENTY-THIRD DEFENSE**

Tabor has failed to mitigate his alleged damages, if any were actually sustained.

**TWENTY-FOURTH DEFENSE**

Tabor has suffered no legally cognizable harm and, therefore, is barred from recovery in this action.

**TWENTY-FIFTH DEFENSE**

Tabor is not entitled to recover actual damages, compensatory damages, liquidated damages, punitive damages, attorney's fees, interest, expenses or costs.

**TWENTY-SIXTH DEFENSE**

Tabor's claims are barred because if Tabor has suffered any damages, such damages were caused by his own conduct and actions.

**TWENTY-SEVENTH DEFENSE**

APT will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such defenses.

WHEREFORE, having fully answered and responded to the allegations in Tabor's Complaint, Defendant APT respectively requests that:

1. Tabor's claims be dismissed with prejudice in their entirety;

2. Each and every item in each of the requests or prayer for relief in Tabor's Complaint be denied;

3. Judgment be entered in favor of APT;

4. All costs be awarded to APT and taxed against Tabor;

5. All reasonable attorney's fees incurred by APT in this action be awarded to APT for, among other reasons, Tabor's commencing and litigating this action without substantial fact or legal support; and

6. This Court grant APT such other and further relief as it deems just and appropriate.

Dated:  August 4, 2023									Respectfully Submitted,


*/s/* Timothy K. Daveler
Timothy K. Daveler, Esq.
FBN: 1035239
timothy.daveler@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
600 W. Broadway, Suite 1100
San Diego, CA  92101
P: 619 239 8700
F: 619 702 3898

*-and-*

Steven C. Pratico, Esq., Lead Counsel
FBN: 539201
steven.pratico@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 East Jackson Street, Suite 2400
Tampa, FL  33602
P: 813 222 8180
F: 813 222 8189


*Attorneys for Defendant Advanced Plumbing Technology, LLC*

Case 5:23-cv-00376-JA-PRL   Document 12   Filed 08/04/23   Page 19 of 19 PageID 65

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 4th day of August 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Roderick Victor Hannah
>Roderick V. Hannah, Esq., P.A.
>4800 N. Hiatus Road
>Sunrise, FL 33351-7919

>/s/ Kara Bernstein
>Kara Bernstein